Tariff Act of August 5, 1909, section 28, subsection 30 (36 Stat., pp. 11, 108), the relevant portions of which subsection are:

Sec. 30. That there shall be appointed by the President, by and with the advice and consent of the Senate, an Assistant Attorney General, who shall exercise the functions of his office under the supervision and control of the Attorney General of the United States * * *. Said attorneys shall act under the immediate direction of said Assistant Attorney General, or, in case of his absence or a vacancy in his office, under the direction of said Deputy Assistant Attorney General, and said Assistant Attorney General, Deputy Assistant Attorney General, and attorneys shall have charge of the interests of the Government in all matters of reappraisement and classification of imported goods and of all litigation incident thereto, and shall represent the Government in all the courts and before all tribunals wherein the interests of the Government require such representation.

The Assistant Attorney General having taken this appeal, it will be presumed, in the absence of a showing to the contrary, that he acted, in so doing, under the supervision and control of the Attorney General. *General Dyestuff Corp.* v. *United States*, 21 C. C. P. A. (Customs) 89, T. D. 46409.

Counsel for appellee cite *Allison* v. *United States, supra; Manufacturers of Goat Leather, etc.,* v. *United States, supra;* and *United States* v. *Monsanto Chemical Works,* 21 C. C. P. A. (Customs) 33, T. D. 46377, in support of their above contentions. We are unable to find anything in these authorities which is in opposition to the views herein expressed.

In view of our conclusions, above stated, it does not seem necessary to examine the question whether the Department of Justice derived any authority herein by virtue of the order of the Acting Secretary of the Treasury, T. D. 46601, hereinbefore referred to. Being of opinion that he had ample authority by virtue of the said order of the President of June 10, 1933, it becomes unimportant whether said T. D. 46601 did or did not confer such authority upon him.

In what we have said herein, we have taken the issues as made by the parties and have not considered or decided points or matters not in issue.

The motion to dismiss is *denied.* Briefs for appellee will be filed within 30 days from rendition of this order.

UNITED STATES *v.* E. LEITZ, INC. (No. 3802)[1]

[1] T. D. 47329.

United States Court of Customs and Patent Appeals, October 29, 1934

*Joseph R. Jackson,* Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks,* special attorneys, of counsel), for the United States.

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellee.

[Oral argument October 11, 1934, by Mr. Folks and Mr. Jordan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain imported cases, composed in chief value of wood "covered with uncoated paper with the surface decorated with a design, which design is not produced on a paper machine without attachments nor by lithographic process," specially designed and used as suitable containers for microscopes and accessories when not in use, during, and subsequent to, their transportation to the United States, to be separately dutiable at 5 cents per pound and 20 per centum ad valorem under paragraph 1405 of the Tariff Act of 1930, the pertinent part of which reads:

PAR. 1405. Papers * * * and all other articles, composed wholly or in chief value of any of the foregoing papers, not specially provided for, *and all boxes of* paper or papier mâché or *wood covered or lined with any of the foregoing papers* or lithographed paper, or covered or lined with cotton or other vegetable fiber, 5 cents per pound and 20 per centum ad valorem * * *. [Italics ours.]

The involved cases and the microscopes and accessories contained in them were assessed for duty by the collector at the port of New York at 45 per centum ad valorem under paragraph 228 (b) of that act, the pertinent part of which reads:

PAR. 228. (b) * * * microscopes, all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

The importer protested claiming that, although the microscopes and their accessories were properly dutiable as assessed by the collec-

tor, the involved cases were separately dutiable at 5 cents per pound and 20 per centum ad valorem under paragraph 1405, *supra*. Other claims were made in the protest, but they are not involved in this appeal.

On the trial below, counsel for the importer offered in evidence Exhibit 1 as representative of the involved cases. Thereupon, counsel for the parties entered into a stipulation, the pertinent part of which reads:

* * * Paragraph 228—Optical instruments. *Entireties*—December 6, 1933.

E. LEITZ, INC., *Plaintiff*
v.
THE UNITED STATES, *Defendant*

It is hereby stipulated and agreed between counsel that the merchandise covered by the above-entitled protests consists of cases composed of wood covered with uncoated paper with the surface decorated with a design, which design is not produced on a paper machine without attachments nor by lithographic process; that the wood is the component material of chief value; that said cases are designed to hold and afford a convenient method of carrying microscopes and accessories therefor; that said cases were imported with the microscopes they are designed to hold, and are sold in this country with said microscopes and not separately; that when said microscopes are used they are removed from the cases; that said cases perform no function in the actual use of the microscopes but are solely used for the holding and carrying of the microscopes.

It is further stipulated and agreed that the protests may be submitted.

Dated New York, December 5, 1933.

Filed in open court after call December 6, 1933. ["Entireties" italics ours.]

The court below, in an opinion by Sullivan, J., McClelland, J., dissenting, stated that the issues in the case at bar were the same, except as to the material of which the imported cases were composed, as in the case of *Hensel, Bruckmann & Lorbacher* v. *United States*, protest 585392–G, and, in this connection, said:

We have recently passed on this question in *Hensel, Bruckmann & Lorbacher* v. *United States*, protest 585392–G, the only difference being as to the material of which the cases or containers are composed. In that case it was leather. In the case at bar it is wood covered with paper uncoated, with the surface decorated with a design, not produced on a paper machine without attachments nor by lithographic process, the wood being the component material of chief value.

On the authority of its decision in that case, the trial court held that the involved cases and the microscopes and accessories contained therein were not dutiable as entireties.

The Government appealed from the judgment in the *Hensel, Bruckmann & Lorbacher* case, *supra*—*United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 22 C. C. P. A. (Customs) 281, T. D. 47330, decided concurrently herewith.

In his dissenting opinion in the instant case, McClelland, J., in expressing the view that the cases and the microscopes and accessories

contained in them were dutiable as entireties, among other things, said:

In my view there is no better test of whether merchandise having one or more parts is entireties than the question of whether they are bought and sold in the commerce of the United States always together as described in the stipulation. The language of the stipulation is sufficiently broad to cover wholesale transactions in these microscopes and the containers in issue, and being always dealt in as a unit they should therefore be classified as entireties regardless of what may happen after they have been sold and entered into use.

The Government filed a motion for rehearing in the court below, in which it was stated that a memorandum in support thereof was attached thereto. The memorandum referred to is not in the record before us, and we are not advised as to what it contained. The motion was denied, and the Government appealed to this court.

In its assignment of errors in this court, the Government contends that the involved cases and the articles which they contained were properly assessed by the collector "as entireties." In their brief in this court, counsel for the Government contend that, by virtue of the provisions of section 402 (c), (d), and (f) of the Tariff Act of 1930, which define foreign and export values, and cost of production, respectively, of imported merchandise, and each of which includes as a part of the definition of such values or costs the, "cost of all containers and coverings of whatever nature", the appraiser added the cost of the involved cases to the appraised value of their contents; that, on the total value thus made up, the collector, considering the involved cases as the usual and ordinary containers for the microscopes and their accessories, assessed the duty of 45 per centum ad valorem under paragraph 228 (b), *supra;* that the collector's decision was right; and that the judgment of the court below, reversing the decision of the collector and holding that the involved cases were separately dutiable, was wrong and should be reversed. Several cases were cited in the brief of counsel for the Government in support of the proposition that the dutiable value of the microscopes and their accessories included the cost of the involved cases. Counsel also cited and quoted from the decision of this court in the case of *Altman & Co.* v. *United States,* 13 Ct. Cust. Appls. 315, T. D. 41232, where this court held that "untrimmed cotton corsets" and "lace trimmings", packed separately but imported together, designed to be joined or attached together to make a new article, were dutiable as entireties. With reference to the decision in that case, counsel for the Government stated in their brief that "The analogy between the *Altman* case and the case at bar is * * * obvious."

It is evident that if the imported merchandise is dutiable as entireties within the principles announced in the *Altman* case, *supra,* the involved cases are not dutiable as the usual and ordinary containers of the microscopes and accessories.

The court below was evidently of opinion that the sole issue before it was whether the doctrine of entireties was applicable to the merchandise. That the court was justified in entertaining such view cannot be seriously questioned. Certainly there is nothing in the stipulation, nor is there anything else of record, to indicate that, at the time the cause was submitted, counsel for the Government was of opinion that the collector assessed the involved cases as the usual and ordinary containers for the microscopes and accessories, or that such facts were presented to the court below. We think it is clear from the record that the sole issue presented to the trial court was whether or not the doctrine of entireties was applicable to the involved merchandise.

A similar situation was presented to us in the case of *United States* v. *Hensel, Bruckmann & Lorbacher, Inc., supra*. We think the following excerpt from our decision in that case is applicable here:

If the involved cases had been classified by the collector as the usual and ordinary containers for the transportation of the binoculars to the United States, we might be forced to hold the facts of record insufficient to overcome the presumption of correctness attending such classification. However, the record does not disclose that the involved articles were so assessed by the collector.

For the reasons stated in our decision in that case, which need not be repeated here, we must hold that the involved cases and their contents are not dutiable as entireties.

The judgment is *affirmed*.